UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY TYRONE SNOW,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 13-CR-20766
CIVIL CASE NO. 16-CV-11510

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE AS SUPPLEMENTED**
(Docs. 26, 41 )

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Docs. 26, 41) be **DENIED**; and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On October 21, 2013, Petitioner pled guilty to Count 1 of the Information charging him with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 14.) On March 25, 2014, judgment was entered and Petitioner was sentenced to 140 months incarceration. (Doc. 23.) Petitioner did not file any appeal. On April 25, 2015, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 26.) On November 14, 2016, Petitioner's motion to vacate or reopen was construed as a motion to supplement his § 2255 motion and that motion was granted. (Doc. 43, 44.) Therefore, the court considers both his original motion and the motion as supplemented as one motion to vacate

sentence. This motion has been referred to the undersigned by order of reference from United States District Judge Thomas L. Ludington. (Docs. 29, 43.) Respondent filed a response (Doc. 36); thus, these motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

    **B.**    **Analysis and Conclusion**

Petitioner's sole asserted ground for relief is the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny. (Docs. 26, 41.) In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016).

The United States Supreme Court has granted certiorari in a case which will answer at least two questions: (1) whether the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies to the residual clause of the career offender guidelines rendering the clause unconstitutionally vague, and if so, (2) whether the determination of unconstitutionality should

apply retroactively on collateral review. The Sixth Circuit recognizes that the United States Supreme Court in *Beckles* may disagree with its decision in *Pawlak*; thus, the Sixth Circuit has instructed district courts, on remand, to hold the §2255 motions in abeyance pending a decision in *Beckles. E.g., In Re Embry*, 831 F.3d 377 (6th Cir. 2016); *In Re Patrick*, 833 F.3d 584 (6th Cir. 2016).

However, none of these enfolding sea-changes are of any value to Petitioner because Petitioner was sentenced as a career offender under § 4B1.1 because he had two prior controlled substance convictions, not because he had committed a prior crime of violence under the residual clause as defined in § 4B1.2(a). (Doc. 14 at ID 35, 37; Doc. 36 at 166-67.)

Therefore, *Johnson* and its progeny provide no avenue for sentencing relief for Petitioner. I therefore suggest that Petitioner's motion (Doc. 26, 41) be denied.

### III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 17, 2016                      S/ PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge


## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Anthony Tyrone Snow #49132-039 at Federal Medical Center, P.O. Box 15330, Fort Worth, TX 76119.

Date: November 17, 2016                       By s/Kristen Castaneda
                                              Case Manager