UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY TYRONE SNOW,

        *Petitioner*,

CRIMINAL CASE NO. 13-CR-20766
CIVIL CASE NO. 16-CV-11510

*v.*

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

        *Respondent*.

_____/

**MAGISTRATE JUDGE'S RECONSIDERED REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE AS SUPPLEMENTED**
(Docs. 26, 41 )

## I.      RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Docs.

26, 41) be **DENIED**; and that the civil case be **DISMISSED**.

## II.     REPORT

### A.     Introduction

On October 21, 2013, Petitioner pled guilty to Count 1 of the Information charging him

with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 14.) On

March 25, 2014, judgment was entered and Petitioner was sentenced to 140 months

incarceration. (Doc. 23.) Petitioner did not file any appeal. On April 25, 2015, Petitioner filed a

Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 26.) On

November 14, 2016, Petitioner's motion to vacate or reopen was construed as a motion to

supplement his § 2255 motion and that motion was granted. (Doc. 43, 44.) Therefore, the court

considers both his original motion and the motion as supplemented as one motion to vacate

sentence.(Docs. 29, 43.) Respondent filed a response (Doc. 36) and the undersigned issued a

Report and Recommendation (R&R) on November 17, 2016. (Doc. 45.) In the Report, I

recommended that Petitioner's motion be denied because "Petitioner was sentenced as a career

offender under § 4B1.1 because he had two prior controlled substance convictions, not because

he had committed a prior crime of violence under the residual clause as defined in §

4B1.2(a)....Therefore, *Johnson* and its progeny provide no avenue for sentencing relief for

Petitioner." (Doc. 45 at ID 205.)

On December 2, 2016, U.S. District Judge Ludington issued an Order rejecting the

R&R. Petitioner had objected on the ground that I "erred in failing to address his

supplementary arguments under *Mathis*" and the district judge agreed, rejecting the R&R and

referring the case back for reconsideration in light of the *Mathis* argument raised in Petitioner's

supplement. (Doc. 47 at ID 216.)

**B.      Analysis and Conclusion**

As indicated in the original R&R, "Petitioner's sole asserted ground for relief is the

decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551

(2015) and its progeny. (Docs. 26, 41.)" (Doc. 45 at ID 204.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's)

residual clause, i.e., the clause that defines a "violent felony" to include an offense that

"involves conduct that presents a serious potential risk of physical injury to another" is

unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme

Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v.*

*United States*, 136 S. Ct. 1257, 1265 (2016).

*Johnson* marks the beginning of a wave of federal court decisions analyzing the propriety of sentencing enhancements under the ACCA (including *Mathis*) and similar provisions under the sentencing guidelines.[1] I consider them all to be progeny of *Johnson* but perhaps others would not place them on the same family tree.

*Johnson* concerned the second half of the phrase under the ACCA §924(e)(2)(B)(ii), i.e., the residual clause. The residual clause follows a list of enumerated violent felonies under §924(e)(2)(B)(ii), i.e., "burglary, arson, or extortion, involves the use of explosives..." *Mathis* governs how to interpret whether a state conviction qualifies under this list of generic offenses.

As noted parenthetically by the District Judge in rejecting the R&R, *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016) held that, "in determining whether a prior state [violent felony] conviction counts toward a federal sentence enhancement [under the ACCA], courts must apply the categorical approach - not the modified categorical approach - where a criminal statute establishes various means for satisfying a single element." (Doc. 47 at ID 216.) *Mathis* focuses on the portion of the same subsection of the ACCA that was not addressed by the Court in *Johnson*.

The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony

---

[1]As to the sentencing guidelines, the Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016).

conviction under the ACCA's enumerated offenses of "burglary, arson, or extortion, involves the use of explosives..." §924(e)(2)(B)(ii).

On October 26, 2016, the Sixth Circuit decided *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016). The Sixth Circuit provided a method for analyzing potential predicate convictions used under the ACCA under *Mathis* and held that a conviction under Mich. Comp. Laws §750.110, for breaking and entering a building with intent to commit a felony or larceny therein, could not qualify as a violent felony under the ACCA since its elements were broader than those of the generic enumerated offense of burglary. Therefore, the Sixth Circuit vacated Ritchey's sentence and remanded for resentencing consistent with its decision and the United States Supreme Court's decision in *Mathis*.

*Mathis* and *Ritchey* are interesting cases that provide good guidance for situations where a Petitioner's sentence was enhanced based on prior enumerated violent felonies under the ACCA. However, these cases are of no consequence to Petitioners, such as Snow, who were not sentenced under the ACCA. Petitioner was not even sentenced as a career offender under the sentencing guideline provision covering violent crimes. § 4B1.2(a). Petitioner was sentenced as a career offender under § 4B1.1 because he had two prior controlled substance convictions. (Doc. 14 at ID 35, 37; Doc. 36 at 166-67.)

Where, as here, Petitioner's sentence was enhanced under the sentencing guidelines based on prior controlled substance convictions, *Johnson*, *Beckles*, *Mathis*, and *Ritchey* simply do not apply.[2]

---

[2]*See, United States v. Patton*, 652 F. App'x 126, 127 (3rd Cir. June 13, 2016)(denying resentencing because "Patton's sentence was driven by the amount of heroin involved in this case, Amendment 706, which involves crack cocaine, did not lower his sentencing range.").

I therefore again suggest that Petitioner's motion (Doc. 26, 41) be denied.

### III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 5, 2016                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

# **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Anthony Tyrone Snow #49132-039 at Federal Medical Center, P.O. Box 15330, Fort Worth, TX 76119.

Date: December 5, 2016                      By s/Kristen Castaneda
                                            Case Manager