UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                                      Case No. 13-cr-20766

v.                                                        Honorable Thomas L. Ludington

ANTHONY TYRONE SNOW,

           Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND GRANTING CERTIFICATE OF APPEALABILTIY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On October 21, 2013, Petitioner Anthony Tyrone Snow pled guilty to Count 1 of the Information charging him with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See* ECF No. 14. On March 25, 2014, judgment was entered and Petitioner was sentenced as a career offender to 140 months' incarceration. *See* ECF No. 23. Petitioner did not file any appeal.

On April 25, 2016 Petitioner filed a motion to vacate his sentence under 28, U.S.C. § 2255, arguing that his sentence was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States* and its progeny. *See Johnson v. United States* 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). That motion was referred to Magistrate Judge Patricia T. Morris for report and recommendation. *See* ECF No. 29. On November 2, 2016, before a decision was reached on Petitioner Snow's first § 2255, Snow filed a second § 2255 arguing that his controlled substance offenses were not qualifying predicate offenses within the meaning of the Career Offender

Guidelines in light of the Supreme Court's decision in *Mathis v. United States,* 136 S.Ct. 2243 (2016) ) (holding that, for the purpose of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather the particular means of commission). Petitioner's motion was construed as a motion to supplement his pending § 2255 and referred to the magistrate judge. *See* ECF No. 43. The magistrate judge then granted Petitioner's motion to supplement. *See* ECF No. 44.

After an initial report and recommendation was rejected, the magistrate judge issued a new report on December 5, 2016. *See* ECF No. 48. Petitioner filed objections on December 28, 2016. *See* ECF No. 49.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Snow does not object to the magistrate judge's resolution of his *Johnson* claim. However, he argues that the magistrate judge erred in concluding that the Supreme Court's

decision in *Mathis* was inapplicable to the controlled substance offenses giving rise to his career offender status. As an initial matter, Snow's *Mathis* claim may only be considered if it is timely. A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). Snow's *Mathis* claim is not timely under § 2255(f)(1), as it was raised over one year after his judgment became final. Snow argues, however, that the claim is timely under § 2255(f)(3) because the Supreme Court in *Mathis* recognized a new right that was made retroactively applicable on collateral review. The argument is without merit.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In *Mathis*, the Supreme Court stated that the essential rule governing ACCA cases had been articulated over a quarter century ago: "All that counts under the Act, we held then, are 'the elements of the statute of conviction.'" *Id*. (citing and quoting *Taylor v. United States,* 495 U.S. 575, 598, (1990)). "Accordingly, a sentencing judge may look only to 'the elements of the [offense], not to the facts of [the] defendant's conduct.'" *Id.* Through this language, the Supreme Court explained that it was *not* recognizing any new right. Furthermore, Petitioner has not

identified any language making the *Mathis* decision retroactive. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (holding that a petitioner had not made a prima facie showing that *Mathis* set forth a new rule of constitutional law made retroactive to cases on collateral review). *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases and concluding that *Mathis* did not announce a new rule).

The Fifth Circuit's decision in *United States v. Hinkle* does not compel a different result. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Hinkle*, the Fifth Circuit Court of Appeals vacated a defendant's sentence after finding that he was improperly sentenced as a career offender under the guidelines. *Id*. This conclusion was based upon a finding that, pursuant to the Supreme Court's reasoning in *Mathis*, a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense within the meaning of U.S.S.G. § 4B1.1(a). Importantly, the court in *Hinkle* was applying *Mathis* on direct appeal, not collateral attack. Moreover, *Hinkle* was decided by the Fifth Circuit Court of Appeals, not by the Supreme Court. It therefore cannot satisfy the statute of limitations requirements of § 2255(f)(3).

Because the Supreme Court in *Mathis* did not recognize any new right made retroactive on collateral review, Snow's *Mathis* claim is time-barred. His objections regarding the substance of the *Mathis* claim are therefore moot. Snow's objections will be overruled, and the magistrate judge's report will be rejected to the extent that it addresses the merits of Snow's *Mathis* claim.

**II.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing

threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Because the Sixth Circuit has not yet issued any published opinion addressing the timeliness of a petitioner's collateral attack relying on *Mathis*, the Court concludes that a certificate of appealability is warranted in this case. The Court further concludes that Petitioner should be granted leave to proceed *in forma pauperis* on appeal, as an appeal would not be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner Snow's objections, ECF No. 49, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 48, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Petitioner Snow's motion to vacate, ECF No. 26, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **GRANTED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is

**GRANTED**.


Dated: April 24, 2017                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2017.

                                         s/Shawna C. Burns
                                         SHAWNA C. BURNS, Case Manager Generalist